## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RICHARD T. ARNOLD,                      )
                                        )
      Plaintiff,                      )
                                        )
  vs.                                   )     Case No. 4:22 CV 1341 MTS
                                        )
KENNETH P. AUGUSTINE, et al.,           )
                                        )
      Defendants.                     )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Richard T. Arnold brings this civil action under 42 U.S.C. § 1983, regarding a property dispute with a neighbor in Franklin County, Missouri. The matter is now before the Court upon Plaintiff's amended civil complaint, four motions for leave to proceed *in forma pauperis*, and motion to dismiss certain defendants. Docs [2], [5], [6], [8], and [9]. Having reviewed Plaintiff's motions to proceed *in forma pauperis* and the financial information submitted in support, the Court will grant Plaintiff's fourth (and most-recent) motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's other motions seeking the same relief will be denied as moot. Furthermore, Plaintiff's motion to dismiss certain defendants will be granted and all defendants except Kenneth Augustine will be dismissed from this matter. However, after reviewing the amended complaint, the Court will dismiss remaining claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). As such, this case will be dismissed in its entirety.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a

complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

### Motion to Dismiss Certain Defendants

After Plaintiff initiated this action with an unsigned complaint, the Court ordered Plaintiff to file an amended, signed complaint on a court form.  *See* Docs. [1], [3].  Plaintiff filed his amended 42 U.S.C. § 1983 complaint on January 18, 2023, against six (6) defendants.[1]  Doc. [4].

---

[1] Plaintiff mentions in his amended complaint that there was a potential seventh defendant in this matter but that Plaintiff settled "months ago" with that non-party when he agreed to buy Plaintiff "a soda pop."  Doc. [4-1] at 19 ¶ 12.  To the extent Plaintiff's statement implies that federal court is the correct avenue to seek relief valued at the cost

Although Plaintiff's amended complaint asserts allegations against all six defendants, he states that, "[w]ith the court's permission," it is his "intent to move this court to dismiss the government defendants pursuant [to] FRCP rule 21 because they enjoy qualified immunity." Doc. [4-1] at 3 ¶ 9.[2]  In addition, soon after filing the amended complaint, Plaintiff filed a separate motion seeking to dismiss five defendants and "administer this case between Arnold and Mr. Augustine only." Doc. [6].  Plaintiff's motion to dismiss defendants Franklin County Sheriff's Office, Judge Stanley Williams, Judge Sonya Brandt, Matthew Becker, and David Hoven will be granted.   Only Plaintiff's claims against defendant Augustine will be considered.

### The Amended Civil Complaint

Plaintiff's 42 U.S.C. § 1983 amended complaint against defendant Kenneth P. Augustine alleges that Augustine "barricaded" Plaintiff's driveway "with an extraordinary amount of junk" and "then proceeded [to] commit felony property damage" on Plaintiff's property.  Doc. [4-1] at 1 ¶ 8. As best the Court can decipher, Plaintiff had been renting property from defendant Augustine but was in the process of moving out when the "driveway dispute" occurred.  *Id.* at 3 ¶ 10; 5 ¶ 17. Previously, in 2018, Plaintiff alleges that Augustine caused property damage when he trespassed on his land, cut down trees, excavated stumps, and dumped gravel.  *Id.* at 5 ¶ 15.  Later in 2020, Augustine barricaded part of Plaintiff's driveway with "junk."  When Plaintiff "reclaimed" the driveway by setting aside the junk, Augustine filed a false police report about Plaintiff.  *Id.* at 6 ¶¶ 18-20.  Plaintiff alleges Augustine told multiple lies to police, *id.* at 7-10 ¶¶ 22-32, and in the months that followed, Plaintiff asserts that the false police report was used in a civil state court case between the parties. *Id.* at 11 ¶ 37.  Finally, Plaintiff states that Augustine committed perjury

---

of a beverage, the Court warns Plaintiff that it takes its responsibilities seriously and cautions Plaintiff against wasting judicial resources.

[2] For ease of readability, the Court will refer to Plaintiff's amended complaint with page and paragraph numbers since the paragraph numbering restarts at one point in the document.  *See* Doc. [4-1] at 17.  Furthermore, based on Plaintiff's page and paragraph numbering, it appears that there are some pages missing from his amended pleadings. *See id.* at 11-12.

in his testimony in that state case and lied to the police when making additional reports. *Id.* at 11 ¶ 41; 12 ¶ 52.

Plaintiff summarizes his claims against Augustine as: "trespass, cutting down trees and other property damage, interference with [Plaintiff's] easement with barricades of junk, lying to a police officer for the purpose of filing a false police report that led to [Plaintiff's] false imprisonment, harassment to negatively impact [Plaintiff] financially in violation of [Missouri state law], and malicious prosecution." *Id.* at 13-14 ¶ 57.

Plaintiff seeks money damages, injunctive relief, and "a declaratory judgment for an easement by implication or in the alternative, a prescriptive easement." *Id.* at 14 ¶¶ 58, 60-61; 17 ¶¶ 1-2; 18 ¶ 3.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

In this case, defendant Kenneth Augustine is not a state actor but a private citizen, neighbor, and landlord to Plaintiff. Nevertheless, it is possible to sue a private party under § 1983 if that private party is acting under color of state law. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A private party may only be held liable if it is a "willful

participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted).  In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, Plaintiff fails to meet this pleading requirement for his § 1983 allegations against private-party Augustine.  The only conspiracy allegations in the amended complaint pertain to a former Franklin County prosecuting attorney and a Franklin County judge, involving a prior litigation where Plaintiff was attempting to recover commercial property.  Doc. [4-1] at 4 ¶ 13. Plaintiff does not suggest that defendant Augustine was part of that matter, and it does not appear that that litigation has anything to do with the allegations currently before the Court.  The only accusations against Augustine that could be interpreted to involve a state actor are the assertions that defendant Augustine lied to police in making false police reports.  However, Plaintiff does not assert any mutual understanding or meeting of minds between Augustine and any police officer in making false reports.  Instead, he suggests the opposite – that Augustine lied to police and police were unaware of the deceit.

Therefore, Plaintiff fails to allege any conspiracy or plead any meeting of the minds as required to state a § 1983 claim against private-party defendant Augustine.  As such, the amended complaint fails to state a § 1983 claim upon which relief may be granted against Augustine.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Augustine is the only remaining defendant, this case must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's fourth motion for leave to proceed *in forma pauperis*, Doc. [9], is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff's first motion for leave to proceed *in forma pauperis*, Doc. [2], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed *in forma pauperis*, Doc. [5], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's third motion for leave to proceed *in forma pauperis*, Doc. [8], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss certain defendants, Doc. [6], is **GRANTED**.  Defendants Franklin County Sheriff's Office, Judge Stanley Williams, Judge Sonya Brandt, Matthew Becker, and David Hoven are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Kenneth P. Augustine because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant Kenneth P. Augustine are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of March, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE